## Morehead *vs* Jones.

ERROR TO THE BRACKEN CIRCUIT.

*Libel and Slander.   Issues.   Evidence.   Damages.*

Case.

Case 68.

December 25.

JUDGE EWING delivered the Opinion of the Court.

The case of action stated, and plea—evidence & judgment.

THIS is an action for a libel brought by Morehead against Jones, in which a verdict of one cent in damages was found for the plaintiff, and judgment rendered thereon, and he has brought the case to this Court.   The action was for certain paragraphs contained in a pamphlet alledged to have been composed, printed and published by the defendant, of and concerning the plaintiff, charging him with perjury and an attempt at bribery, and subornation of perjury.   The defendant pleaded justification. On the trial the plaintiff read to the jury, from the printed pamphlet, such of the paragraphs as was set forth and charged in his declaration as libelous.   The defendant was permitted to read to the jury, from the same pamphlet, certain paragraphs immediately preceding and succeeding those charged in the declaration to be libelous, and read by the plaintiff to the jury as such, showing that the pamphlet was composed and published in

answer to a letter previously written and published by the plaintiff, in which it is said he ruthlessly assailed the character of the defendant, and also referring to his informant as to the charge of perjury, as a man of character and truth, standing upon terms of intimacy with the plaintiff, and not likely to make a statement unfounded in truth, so injurious to his reputation. To the reading of these paragraphs by the defendant, the counsel for the plaintiff objected, which objection was overruled by the Court, and the only question presented in the record for the consideration of this Court is, was the opinion of the Circuit Court correct in permitting those parts of the pamphlet to be read as evidence to the jury.

We can perceive no good reason for excluding the evidence read; it was part of the same pamphlet which contained the libelous matter, and on the same subject, and was properly received as explanatory of the subject matter, occasion, motive, and intent of the publication. In the case of *Hotchkiss* vs *Lathrop*, 1st *John. Rep.* 286, the Court permitted a previous publication against a third person, to which the defendant's publication was an answer, to be read to the jury, in mitigation of damages. And with the same object, in the case of *Williams, alias A. Perkin* vs *Foulder*, tried before Lord Kenyon in 1797, his lordship permitted the counsel for defendant to read passages from various scurrilous publications previously made by the plaintiff against reputable characters of the kingdom.

Without sanctioning the doctrine, to the extent that it was carried in those two opinions, and especially the latter, we cannot doubt that it was proper to allow passages to be read from the same pamphlet, explanatory of the subject, motive and inducement to the publication.

The defendant should be tried by what he has published and the *whole* of what he has published in the same pamphlet, on the same subject, and not by such passages as the plaintiff may select and dislocate from their context, and make the basis of his action. As the party whose confessions are relied on and proven, has a right to the proof of his *whole* confession, or in slander, after the plaintiff has proved a part of the words spoken by the

MOREHEAD
vs
JONES.

In an action for libel, setting out certain paragraphs in a published libelous matter, it is competent for defendant to read, in explanation of those words, other parts of the same entire publication, as explanatory of the subject matter, occasion and motive of the publisher in mitigation of damages.

A defendant in an action for a libel, should be tried by all that he has published in the same pamphlet.

defendant, the latter may extract from the witness *all that* was said at the same time on the same subject. So it would seem that he who is sued for a libel should not be confined to and rendered responsible for those passages only which the plaintiff may select, but should be indulged in reading to the jury the *whole* he has written and published at the same time, and on the same subject, especially when the whole may be necessary to a full understanding of the subject, degree of malice, origin, design and motive of the publication.

Tho' malice is implied from language, verbal or written, which imports a charge of a criminal nature, yet there are *degrees* of malice which may lessen or enhance the guilt and should lessen or enhance the damages; and to enable the jury to determine the degree of malice, all that was published on the same subject at the time, should be heard.

The law regards the passions of men; and though they will not be allowed to exercise or justify a slander or libel, they may palliate the guilt, and should be permitted to mitigate the damages. The parts read were, therefore, properly permitted to go before the jury, unless, as is contended by the plaintiff's counsel, it should be deemed improper to allow a defendant who has pleaded justification, to introduce as evidence any palliatory circumstances other than the bad character of the plaintiff, in mitigation of damages.

We can perceive no good reason for the distinction taken by the plaintiff's counsel. The defendant is allowed, by our statute, to plead as many pleas as he may deem necessary for his defence. If he pleads justification, he does so in the exercise of a *right* which the law guarantees to him, and though he should fail to sustain the issue, on this plea, he is no more censurable than if he should plead not guilty, or any other plea, the issue on which should be found against him. In either case, he may be innocently mistaken in the proof; or it may turn out differently or fall short of that which he had a right to expect, from the ignorance, misrecollection or corruption of witnesses. Failing in the issue on the plea of justification, as well as a failure to support the issue

on any other plea, leaves open the question of damages, and should no more, in the one case than in the other, preclude an inquiry into those palliatory circumstances, which bear upon the question of damages. Indeed the question of damages is a distinct question from the question which arises on the *issues* submitted to the jury, and though they are submitted to the same jury, the former can never arise but upon a determination of the latter question in favor of the plaintiff. If each were submitted to a different jury, it would more readily appear that the *character* of the issue submitted to and determined by one jury, should have no effect upon the question submitted to the other. Though they are both tried by the same jury, they are distinct questions, and the one should not be permitted to have any effect upon the other. The defendant may introduce evidence tending to prove his justification, but not knowing how the jury may find, may introduce palliatory circumstances which bear upon the question of damages, which the jury are required to as-. sess in the event of their finding the issue against him. And this may be the case on the trial of any other issue. It is the province of the Court to instruct the jury how to apply the evidence, and under the instruction of the Court there is no danger of their misapplying it; and if there were, it forms no good reason for excluding that which bears upon the damages, as that question, as well as the issue, is to be decided by the jury, any evidence which may enlighten their judgment on either question, ought to be heard.

We are aware that it has been decided in Massachusetts, in the case of *Alderman* vs *French*, 1 *Pick. Rep.* 18, and the same principle sanctioned in the case of *Bodwell* vs *Swan*, 3 *Pick. Rep.* 377, that when a defendant has staked his defence on a plea of justification, that he will not be permitted to prove palliatory circumstances in mitigation of damages; but we think the doctrine sanctioned in those decisions is neither sustained by principle or authority. Nor has there been a uniformity in the decisions upon this question in that State; for in the case of *Larned* vs *Buffington*, 3 *Mass. Rep.* 553, Parsons, C. J. says, "that when, through the fault of the

plaintiff, the defendant, as well at the time of speaking the words as when he pleaded his justification, had good cause to believe they were true, it appears reasonable that the jury should take into consideration this misconduct of the plaintiff to mitigate damages."

Upon the whole, we think that the passages of the pamphlet read by the defendant's counsel, were properly admitted, and the judgment is affirmed with costs.

*Payne & Waller* for plaintiff; *Morehead & Reed* for defendant.